## POLANCO *v.* FRANCO.

### APPEAL from the District Court of Arecibo.

No. 16.—Decided March 17, 1904.

DAMAGES.—The dismissal of a suit is not sufficient *per se* to create a cause of action in favor of the defendant so as to enable him to claim losses and damages from the plaintiff for the legal maintenance of an action.

OBLIGATIONS—CONTRACTS.—Obligations are created by law, by contracts, by *quasi* contracts, and by illicit acts and omissions, or those into which fault or negligence enters.

### STATEMENT OF THE CASE.

This is an action prosecuted in the District Court of Arecibo by Juana Polanco de la Rosa, as plaintiff, represented before this Supreme Court by Attorney José de Guzmán Benítez, against Ignacio Franco y Alonso, as defendant, represented by Attorney Antonio Alvarez Nava, for the recovery of damages, which case is pending before us on appeal taken by Juana Polanco de la Rosa from the judgment rendered by aforesaid court, which reads as follows:

"Judgment No. 4.—In Arecibo, January 31, 1903. An oral and public hearing was had before this district court of the declaratory action of greater import, for the recovery of damages, prosecuted by Attorney José de Guzmán Benítez, on behalf of Juana Polanco de la Rosa, unmarried, of age, and a resident of Manatí, against Ignacio Franco y Alonso, a merchant, also a resident of Manatí, and represented by Attorney Antonio Alvarez Nava.

"On June 16, 1902, Attorney José Guzmán Benítez, on behalf of Juana Polanco y de la Rosa, brought an action in this court against Ignacio Franco y Alonso, for the recovery of damages, alleging that said Franco Alonso had sued Juana Polanco in the District Court of the United States, and Judge Holt rendered a decision disposing of

mandó á Doña Juana Polanco, ante la Corte de los Estados Unidos, y el Juez Holt dictó una resolución dirimiendo la cuestión planteada por falta de excepciones, é impuso las costas al entonces demandante Franco.

2. *Resultando*: que según agregaba la demanda de la Señora Polanco, la demanda del Sr. Franco fué presentada en los momentos más críticos para Doña Juana Polanco, no sólo por el golpe mortal que semejante petición asestaba á su crédito y buen nombre, sino también porque se veía obligada á defender sus intereses, seriamente amenazados, haciendo gastos que le era punto menos que imposible cubrir en aquellas circunstancias; que en tan angustiosa situación se vió obligada á abandonar la atención y el cultivo de sus tierras, y las plantaciones de café, y otros productos desmerecieron de tal suerte, que la maleza, los bejucos y la yerba que las cubrian y ahogaban, daban á la finca el aspecto de tierras incultas, hasta tal punto que la cosecha del año pasado fué completamente perdida, y la del presente año puede considerarse lo mismo; y que esas contrariedades han ocasionado serios perjuicios á Doña Juana Polanco, tanto por la falta de productos de la finca, como por el demérito que han sufrido y las estima en cantidad que no baja de mil quinientos dollars y sube mucho más como se probaría oportunamente.

3. *Resultando*: que como fundamentos de derecho adujo la Señora Polanco los Artículos 1089, 1092, 1093 y siguientes del Código Civil, relativos á la indemnización de daños y perjuicios, y además la Orden General, número 118, de 1899, en cuanto al pago de las costas del actual litigio; y con los documentos que acompañó, presentó las escrituras creditivas de sus condominios y un ejemplar, con su traducción en español, de la resolución adoptada en 27 de Marzo último por la Corte de los Estados Unidos, declarando sin lugar, por falta de excepciones ó réplica, la demanda interpuesta por el Señor Franco, ante dicho Tribunal é imponiéndole el pago de las costas, así como una nota privada, suscrita por D. José Eugenio Polanco, de los gastos irrogados á éste, ó sea á Doña Juana Polanco, por su comparecencia ante la Corte de los Estados Unidos, ascendentes á quinientos treinta y ocho (dollars) pesos, setenta centavos, oro americano, que se descomponen en quinientos pesos al abogado Don José de Guzmán Benitez, según recibo acompañado también, y treinta y ocho pesos setenta centavos por viaje á San Juan.

4. *Resultando*: que conferido traslado al demandado, lo evacuó Don Ignacio Franco Alonso con la dirección del Letrado Alvarez

the question raised by the absence of exceptions, with costs against the former.

"The plaintiff further alleged that Franco's proceedings against her had been instituted at a most critical moment for plaintiff, not only on account of the deadly blow thereby leveled at her good credit and reputation, but also because she was obliged to protect her interests, thus seriously threatened, and incur expenses she was unable to meet under such circumstances; that she was consequently compelled to neglect the care and cultivation of her lands, and her plantations of coffee and other products had been so overrun with brambles and vines that they had the appearance of waste lands, the last crop having been wholly lost, with no better prospects for the next; that these reverses had entailed serious injuries upon Juana Polanco, both from the deficiency of the crops and the depreciation of the property, which she estimated at not less than fifteen hundred dollars, though really amounting to considerably more, as in due time would be shown.

"As legal grounds, plaintiff cited articles 1089, 1092, 1093 *et seq.* of the Civil Code relating to indemnity for damages, as also General Orders No. 118, series of 1899, with regard to the payment of the costs of the present litigation, and with the documents accompanying the complaint she submitted the deeds showing her title as owner in common and a copy, with its translation in Spanish, of the decision rendered March 27, 1902, by the United States District Court, dismissing the action instituted by Franco, for want of exceptions or reply, with costs against him, as also a private memorandum, signed by José Eugenio Polanco, of the expenses incurred by him for account of Juana Polanco, by reason of her appearance in said United States Court, the same aggregating $538.70, American gold, $500 whereof was paid to Attorney José Guzmán Benítez, according to accompanying receipt, and $38.70 for traveling expenses to San Juan.

"Notice of said complaint having been served upon Ignacio Franco Alonso, an answer thereto was filed by him through Attorney

Nava, quien, entre otras cosas, expuso: que después de presentar dicha demanda contra D. Nicanor Polanco y su hermana Doña Juana, el abogado representante de su cliente ante la Corte Federal no presentó réplica y dejó aquélla abandonada, lo que equivale á un desistimiento, y en tal virtud la Corte declaró la demanda dirimida, condenando en las costas al demandante su representado, lo cual no significa el reconocimiento por el Tribunal, de la validez y eficacia de los contratos de referencia, ni la pérdida ó renuncia, por su parte, del ejercicio de la acción que le compete para pedir la nulidad de los mismos, por ser simulados y haberse hecho en su perjuicio, y negó la reclamación de Doña Juana Polanco por estimarla improcedente, aduciendo como fundamentos de derecho los Artículos 1089 y 1291 del Código Civil, referentes al origen y naturaleza de los contratos, los 1646 y 1656 de la Ley de Enjuiciamiento Civil, relativos á las sentencias de interdictos, en que expresamente se condena á parte determinada á pagar daños y perjuicios, y la Orden General de 20 de Marzo de 1899, que habla de la simulación de contratos, y acompañó al escrito de contestación un pagaré de mil pesos especiales, endosado á Franco Alonso, en 20 de Febrero de 1898, por Manuel Correa y á su nombre, por Everardo Cebollero.

5. *Resultando*: que abierto el juicio á prueba, ambas partes propusieron documental y testifical, y Doña Juan Polanco propuso, además, prueba de peritos, toda la cual se declaró pertinente y fué practicada, celebrándose el juicio oral con asistencia de los abogados Don José de Guzmán Benitez, á nombre de Doña Juana Polanco y D. Antonio Alvarez Nava, en representación de Don Ignacio Franco Alonso.

6. *Resultando*: que en la tramitación de este pleito se han observado las formalidades legales. Siendo Ponente el Juez Presidente Don Felipe Cuchí Arnau.

1. *Considerando*: que de la prueba practicada en este juicio no aparece la existencia de perjuicios causados á Doña Juana Polanco, por el demandado Don Ignacio Franco Alonso, ni que, con motivo de la demanda que interpuso éste ante la Corte de los Estados Unidos contra la citada Polanco, se hubiesen irrogado tales perjuicios, ni en el credito, ni en los bienes de la última.

2. *Considerando*: que aún en la hipótesis de que se hubiesen irrogado perjuicios á la Polanco por el simple hecho de haber sido demandada ante la Corte de los Estados Unidos, en un pleito que no llegó á fallarse, pero que fué dirimido, por el desistimiento, á favor

Alvarez Nava, who, among other things, stated: That after bringing aforesaid action against Nicanor Polanco and his sister Juana, counsel for his client in the United States District Court had omitted to file a replication and abandoned the action, which being tantamount to desisting from further prosecution thereof, it had been dismissed by the court, with costs against the plaintiff. This, however, did not imply an admission by the court of the validity and efficiency of the contracts in question nor a forfeiture or waiver on his part of the right of action to seek the annulment thereof, as being simulated and made to his prejudice, and he denied as groundless the claim set up by Juana Polanco. As legal grounds in the premises, he cited articles 1089 and 1291 of the Civil Code, referring to the origin and nature of contracts, and articles 1646 and 1656 of the Law of Civil Procedure referring to judgments in summary proceedings where losses and damages are expressly adjudged to be paid by one of the parties, and General Order of March 20, 1899, dealing with the simulation of contracts, and he attached to his answer a promissory note for one thousand *pesos,* endorsed to Franco Alonso, February 20, 1898, on behalf of Manuel Correa, by Everardo Cebollero.

"At the proceedings for the taking of evidence both parties proposed documentary and oral evidence, in addition to which expert testimony was offered by Juana Polanco, all of which was declared pertinent and was taken and the oral trial proceeded with, José de Guzmán Benítez, on behalf of Juana Polanco, and Antonio Alvarez Nava, in representation of Ignacio Franco Alonso, being present.

"In the conduct of this case all the legal formalities have been complied with. Presiding Judge Felipe Cuchí Arnau prepared the opinion of the court.

"From the evidence presented at this trial it does not appear that any damages were caused to Juana Polanco by the defendant, Ignacio Franco Alonso, as a result of the action instituted by the latter against the former, in the United States District Court, or that she has suffered thereby either in her good name or in her property.

"But even granting that said Polanco had sustained damages from the mere fact that Franco Alonso had brought against her in the District Court of the United States an action which was not carried to judgment, but was dismissed in favor of said Polanco by reason of

de la Polanco, el demandante entonces Don Ignacio Franco Alonso, sólo vendría obligado á pagar á la Polanco las costas causadas con la demanda ante la Corte de los Estados Unidos, que es á lo único que se le condenó.

3. *Considerando*: que el Artículo 1089 del Código Civil, según el cual las obligaciones nacen de la ley, de los contratos y cuasi-contratos, y de los actos y omisiones ilícitas ó en que intervenga cualquier género de culpa ó negligencia, demuestra evidentemente que Doña Juana Polanco no tiene acción para reclamar de Don Ignacio Franco, supuesta indemnización de perjuicios, por haber sido demandada lícitamente ante la Corte de los Estados Unidos sobre simulación de contratos, pues lo contrario equivaldría á sostener que cada vez que el colitigante de un pleito ordinario obtuviere una resolución judicial á su favor, podría provocar un segundo pleito reclamando indemnización de perjuicios á su adversario.

4. *Considerando*: que por las razones expuestas, debe desestimarse la demanda de Doña Juana Polanco, con las costas á su cargo.

*Vistos* los Artículos 1089, 1090 y 1092 del Código Civil, 371, 1646 y 1656 de la Ley de Enjuiciamiento Civil, y la regla 63 de la Orden General, No. 118, de 1899.

*Fallamos*: que debemos declarar y declaramos sin lugar la demanda interpuesta por Doña Juana Polanco y de la Rosa, contra Don Ignacio Franco y Alonso, sobre indemnización de perjuicios, con las costas á la demandante. Así lo pronunciamos, mandamos y firmamos: Felipe Cuchí, Otto Schoenrich, Enrique Gonzalez Darder''.

*Resultando*: que notificada dicha sentencia á dicha Juana Polanco de la Rosa, interpuso contra ella recurso de apelación, que fué admitido, ordenándose que se remitieran los autos á este Tribunal, previa citación y emplazamiento de las partes por el término legal, y personadas éstas, se le dió la tramitación correspondiente, habiéndose señalado día para la vista, en la que los abogados de las respectivas partes alegaron lo conducente á sus respectivas pretensiones.

Abogado del apelante: *Sr. Guzmán Benítez* (José).

Abogado del apelado: *Sr. Alvarez Nava.*

EL JUEZ ASOCIADO SR. SULZBACHER, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

plaintiff's failure to prosecute same, the former could only be held to pay her the costs occasioned by the suit, which is the only thing adjudged against him.

"Article 1089 of the Civil Code, according to which obligations are created by law, by contracts, by *quasi* contracts and by illicit acts and omissions, or by those in which any kind of fault or negligence enters, clearly shows that Juana Polanco has no cause of action to recover indemnity from Ignacio Franco, for fancied damages, simply because she was legally sued in the United States District Court in the matter of simulation of contracts, as otherwise this would be tantamount to maintaining that whenever a litigant in an ordinary lawsuit had obtained a favorable decision, he could institute another action for the recovery of damages against his opponent.

"For the foregoing reasons the complaint brought by Juana Polanco should be dismissed, with costs against complainant.

"In view of articles 1089, 1090 and 1092 of the Civil Code, articles 371, 1646 and 1656 of the Law of Civil Procedure, and rule 63 of General Orders No. 118, series of 1899, we adjudge that we should declare and do declare that the action brought by Juana Polanco y de la Rosa against Ignacio Franco y Alonso for the recovery of damages does not lie, and impose costs upon the plaintiff.

"Thus do we pronounce, order and sign. Felipe Cuchí, Otto Schoenrich, Enrique González Darder."

Notice of this decision having been served upon Juana Polanco, she took an appeal therefrom, which was allowed, and the record was ordered to be forwarded to this court after citation of the parties within the legal period. Upon the appearance of the latter, the case was dealt with under the proper procedure and a day set for the hearing, at which the attorneys for the parties presented such arguments as were deemed pertinent to their respective contentions.

*Mr. Guzmán Benítez (José)*, for appellant.

*Mr. Alvarez Nava*, for respondent.

MR. JUSTICE SULZBACHER, after making the above statement of facts, delivered the opinion of the court.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Vistas* las disposiciones legales que en la misma se citan.

*Fallamos*: que debemos confirmar y confirmamos la sentencia que en treinta y uno de Enero de mil novecientos tres dictó la Corte de Distrito de Arecibo, con las costas á cargo del apelante, y devuélvanse los autos con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y MacLeary.

---

Pastor *v*. Luzunaris et al.

Apelación procedente de la Corte de Distrito de Humacao.

No. 89.—Resuelto en Marzo 17, 1904.

Tercería de Mejor Derecho.—Si de la prueba documental aportada á un juicio de tercería apareciere que el demandante carece de título en que fundar su demanda, ésta debe ser desestimada.

Id.—Costas.—Declaradas las costas en una sentencia á favor de una parte, en un procedimiento sobre nulidad de actuaciones, y revocado ese pronunciamiento por el Tribunal Supremo que ordenó se entendieran dichas costas sin especial condenación, la parte á cuyo favor se hiciera primeramente aquella declaración, no puede alegar la misma en concepto de crédito preferente que pueda servir de título á una tercería de mejor derecho.

Id.—Suspension de la Vista.—Indefension.—Siendo la celebración del juicio y la de la vista, actos distintos del procedimiento, la denegación de la suspensión de la vista por enfermedad del letrado de una parte, no puede aparejar indefensión si se hubiere practicado la prueba, ni puede alegarse tal indefensión cuando se hubiere dejado de practicar alguna prueba por negligencia de la misma parte que solicite la suspensión.

EXPOSICIÓN DEL CASO.

En el juicio seguido en el Tribunal de Distrito de Humacao entre partes, de la una, D. Ramón Pastor Díaz, demandante, y de la otra, el Letrado D. Herminio Díaz Navarro y Doña Carolina Luzunaris y Domínguez, demandados, sobre tercería de mejor derecho, cuyo juicio pende ante nos en

The findings of fact and conclusions of law set forth in the judgment appealed from are accepted.

In view of the legal provisions therein cited, we adjudge that we should affirm and do affirm the judgment rendered January 31, 1903, by the District Court of Arecibo, with costs against appellant. The record is ordered to be returned with the proper certificate.

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.